IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


GEORGIA G. DENTON                                                    PLAINTIFF


      v.                              CIVIL NO. 10-5121


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Georgia G. Denton, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for DIB on March 13, 2008, alleging an inability to work since March 1, 2008, due to degenerative disc disease, arthritis, neck pain, status post cervical fusion at C4-5 and C5-6 with a hip graft, status post ulna and radius fracture with open reduction and internal fixation, fracture of the breast bone, gastroesophageal reflux disease, hypothyroidisn, hyperlipidemia, schizophrenia, borderline personality disorder,

depressive disorder, severe anxiety and post traumatic stress disorder.  (Tr. 116-117, 133).  An

administrative hearing was held on December 2, 2009, at which Plaintiff appeared with counsel

and testified. (Tr. 11-33).

By written decision dated January 20, 2010, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 41).

Specifically, the ALJ found Plaintiff had the following severe impairments: poly-substance

abuse, a depressive disorder, a personality disorder, and degenerative disc disease.  However,

after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not

meet or equal the level of severity of any impairment listed in the Listing of Impairments found

in Appendix I, Subpart P, Regulation No. 4.  (Tr. 42).  The ALJ found Plaintiff retained the

residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a), with the ability to
> occasionally lift/carry up to 10 pounds and frequently lift/carry less than 10
> pounds.  She is able to sit for 6 hours and stand/walk for 2 hours in an 8-hour
> workday.  She can frequently climb stairs, ramps, and balance.  She can
> occasionally climb ropes and ladders, stoop, crouch, kneel, and crawl.  She can
> do work in which interpersonal contact is incidental to the work performed,
> complexity of tasks is learned and performed by rote, with few variables and little
> judgment required.  Supervision required is simple, direct, and concrete.

(Tr. 44).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work

as a production worker, an inspector and an assembler.  (Tr. 49).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

after reviewing additional evidence, denied that request on April 23, 2010.  (Tr. 1-5).

Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant

2

to the consent of the parties. (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 7, 8).

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3),

3

AO72A
(Rev. 8/82)

1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. § 404.1520.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

## III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a

4

"claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ found Plaintiff had the following severe impairments: poly-substance abuse, a depressive disorder, a personality disorder, and degenerative disc disease. The ALJ also determined that even with these severe impairments, Plaintiff was able to perform sedentary work with some limitations. After reviewing the entire record, the Court is troubled by the ALJ's assessment of Plaintiff's physical impairments.

In determining Plaintiff's RFC, the ALJ noted that Plaintiff was involved in a motor vehicle accident in February of 2009. (Tr. 46, 413). The medical record revealed that after this accident, Plaintiff complained of neck pain, and right arm and hand pain and numbness. (Tr. 336). At the administrative hearing in December of 2009, Plaintiff testified that she had difficulty using her dominant right hand and arm. (Tr. 17). Plaintiff testified that due to her arm and neck pain, she needed help with showering, combing her hair, and dressing. Plaintiff indicated she was unable to raise either arm above shoulder level due to her neck pain. Due to the fact that the most recent RFC relied upon by the ALJ was completed in July 2008, almost seven months prior to Plaintiff's most recent motor vehicle accident; and that the evidence revealed Plaintiff had increased difficulty with her dominant right arm and hand and neck pain as a result of a motor vehicle accident in February of 2009, the Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's neck, and right arm and hand impairments. It is also noteworthy that the vocational expert testified that

5

the jobs he determined Plaintiff could perform could not be performed if Plaintiff could only occasionally use her right dominant arm and hand for reaching, grasping, or fingering. (Tr. 31).

On remand, the ALJ is directed to obtain a RFC assessment from a physician who has evaluated and/or treated Plaintiff, asking the physician to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for his/her opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. As Plaintiff's primary treating physician, Dr. Janelle Potts, indicated that she no longer completed disability forms, the ALJ may need to order a consultative general physical examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. § 404.1517.

We further note that the medical evidence is somewhat ambiguous with regard to Plaintiff's mental limitations and her mental RFC. On remand, the Court directs the ALJ to obtain a mental RFC assessment from a treating or examining physician.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

6

should be remanded to the Commissioner for further consideration pursuant to sentence four of

42 U.S.C. § 405(g).

      DATED this 26th day of August 2011.

                 /s/ *Erin L. Setser*
                 HON. ERIN L. SETSER
                 UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)